# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA ex rel. NICOLLE O'NEILL, <br><br> *Plaintiff-Appellant,* <br><br> v. <br><br> PST SERVICES LLC, <br><br> *Defendant-Appellee,* <br><br> and <br><br> SOMNIA, INC.; PRIMARY ANESTHESIA SERVICES; MCKESSON CORPORATION; ROBERT GOLDSTEIN, MD.; ROY WINSTON, M.D.; BYRON MENDENHALL, M.D.; QUINN GEE, M.D.; MARGARAT VASSILEV, M.D., <br><br> *Defendants-Appellees* | No. 23-15973 |

## APPELLANT'S STATEMENT CONCERNING THIS COURT'S JURISDICTION OVER THE APPEAL

Appellant Nicole O'Neill files this statement in response to the Clerk's Order of July 19, 2023 requiring her to either file a statement explaining why the appeal should not be dismissed for lack of jurisdiction or move for voluntary dismissal of the appeal. Ms. O'Neill filed her notice of appeal because she believes the District Court's order of June 6, 2023 dismissing all the live claims in the case against all the remaining

Defendants was a "final decision" for the purpose of this Court's jurisdiction under 28 U.S.C. § 1291.

However, the District Court has not yet ruled on Ms. O'Neill's motion for reconsideration of the District Court's September 7, 2018 order dismissing all causes of action against Defendant-Appellee PST Services LLC ("PST") (Dist. Ct. ECF No. 95). That dismissal order is the subject of this appeal. Because an appeal "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), Ms. O'Neill believes that the Court should hold the appeal in abeyance to allow the District Court to rule on the motion for reconsideration of that order.

## CASE BACKGROUND

Ms. O'Neill brought this *qui tam* action against Defendants Somnia Inc. ("Somnia"), Primary Anesthesia Services ("PAS"), PST (a subsidiary of McKesson Corporation), and certain anesthesiologists working for two of the Defendant corporations. Her Second Amended Complaint ("SAC") (Dist. Ct. ECF No. 74) alleged claims under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.* (FCA), and the California False Claims Act, Cal. Gov't Code § 12650 *et seq.* (CFCA). Ms. O'Neill—a former employee at Somnia—alleges that Defendants fraudulently overbilled for anesthesia services provided at a general acute care hospital known as Kaweah Delta Medical Center in Visalia, California, resulting in overpayments by the governments of both California and the United States.

After Ms. O'Neill filed the SAC in February 2018, Defendants moved to dismiss. On September 7, 2018, the District Court dismissed all claims pled against PST. Dist. Ct. ECF No. 95. This left Ms. O'Neill's claims against the remaining Defendants pending.

Thereafter, Ms. O'Neill asked the District Court to enter final judgment with respect to the dismissal of PST under Federal Rule of Civil Procedure 54(b) so that she could promptly appeal that ruling. Dist. Ct. ECF No. 101. Four months later, the District Court denied the motion. Dist. Ct. ECF No. 117.

On May 17, 2022, Ms. O'Neill filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Dist. Ct. ECF No. 207. Rule 54(b) authorizes a district court to revise an order or decision that does not adjudicate all the claims of all parties in the action "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The motion for reconsideration asks the District Court to, *inter alia*, reconsider its dismissal of all claims against PST to prevent clear error and manifest injustice and to consider newly discovered materials that were not reasonably available to Ms. O'Neill at the time the parties were briefing the motion to dismiss. The motion for reconsideration is fully briefed and has remained pending for more than one year.

In the meantime, Ms. O'Neill and the other Defendants reached an agreement to settle all the remaining claims in the case. With the consent of the governments of the United States and California, they jointly filed a stipulation of dismissal on April 13,

3

2023. Dist. Ct. ECF No. 232. The stipulation requested that the District Court dismiss the case in its entirety, with prejudice, against the remaining Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See id.*

On June 6, 2023, the District Court entered the stipulation, ordering that all the claims against the remaining Defendants (and the action itself) be dismissed with prejudice. Dist. Ct. ECF No. 235. In its order, the District Court stated: "The claims against Defendant PST Services LLC remain, pending the Court's review of Plaintiff/Realtor's motion for reconsideration." *Id.* at 2.

Ms. O'Neill filed her notice of appeal on July 3, 2023. Dist. Ct. ECF No. 236. She is appealing the District Court's order dismissing all claims against PST and denying leave to amend. Dist. Ct. ECF No. 95.

## DISCUSSION

Ms. O'Neill filed her notice of appeal to ensure that she did not waive her right to appeal the District Court's September 7, 2018 order dismissing the claims against PST. That order was not a final order enabling this Court's jurisdiction because it did not dispose of all claims against all Defendants. *See* 28 U.S.C. § 1291 (granting the courts of appeals jurisdiction of "appeals from all final decisions of the district courts"). However, the District Court's June 6, 2023 order dismissed all claims against all remaining Defendants with prejudice, thereby leaving no live claims in the District Court. An order or judgment is "final" for purposes of appeal if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United*

4

*States v. Alvarez-Moreno*, 657 F.3d 896, 899 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). That is what the June 6, 2023 did by entering preclusive relief for all the remaining defendants in the case as to all claims. And although the District Court stated in the same order that the claims against PST "remain" pending a ruling on the Rule 54(b) motion, those claims were adjudicated and dismissed nearly five years ago and have not been live since then. Thus, Ms. O'Neill believes that the District Court's June 6, 2023 order was a final order that started the clock to file a notice of appeal.

Further, although Federal Rule of Appellate Procedure 4(a)(4)(A) tolls the deadline to file a notice of appeal until a district court rules on certain post-judgment motions (including motions for reconsideration brought under Federal Rules of Civil Procedure 59 or 60), it does not toll the time to file a notice of appeal pending a ruling on a motion for reconsideration brought under Federal Rule of Civil Procedure **54(b)** to challenge a nonfinal order that was later supplemented by a dismissal of remaining claims against all remaining defendants.

Thus, Ms. O'Neill filed her notice of appeal to protect her appellate rights and because she views the District Court's June 6, 2023 order as a final order. Nevertheless, Ms. O'Neill believes that the divestiture rule in *Griggs* applies here and prohibits the District Court from ruling on the motion for reconsideration unless this Court abstains from exercising jurisdiction over the appeal. Under *Griggs*, an appeal "divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. at

5

58; *see also Coinbase, Inc. v. Bielski*, No. 22-105, 2023 WL 4138983, at *3 (U.S. June 23, 2023) (reaffirming and applying same principle). Here, the appeal seeks review of whether the SAC stated claims against PST. That is precisely the same "aspect" of the case before the District Court in the pending motion for reconsideration. *Griggs*, 459 U.S. at 58.

Accordingly, Ms. O'Neill believes that the best course of action is for this Court to temporarily abstain from taking jurisdiction over the case by holding the appeal in abeyance and suspending the briefing schedule pending the District Court's ruling on the motion for reconsideration. *See* Order, *Hicks v. Diaz*, No. 20-55689 (9th Cir. July 8, 2020) (Ninth Circuit Docket Entry No. 2) (holding appeal in abeyance until resolution of motion for reconsideration). Alternatively, the Court may choose to remand the case to the District Court for a ruling on the motion for reconsideration. *See Brewer v. Nash*, 5 F. App'x 89, 90 (2d Cir. 2001) (remanding case to the district court for a ruling on pending motion for reconsideration). Although Ms. O'Neill does not believe that a remand is necessary to satisfy the divestiture rule, she would not object to this course of action.

## CONCLUSION

For the reasons set out above, Ms. O'Neill believes that this Court has jurisdiction over the appeal but should hold the case in abeyance and suspend the briefing schedule until the District Court rules on the pending motion for reconsideration.

July 21, 2023

Respectfully submitted,

*/s/ Glenn E. Chappell*
Glenn E. Chappell
Andrea R. Gold
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Ave. NW, Suite 1010
Washington, DC 20006
(202) 973-0900
gchappell@tzlegal.com
agold@tzlegal.com

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, I caused to be served a true and correct copy of the foregoing document on all counsel of record via electronically filing it via the CM/ECF System. All counsel of record are registered CM/ECF users, and will be served via the platform.

Dated: July 21, 2023

/s/ *Glenn E. Chappell*
Glenn E. Chappell